Thank you for the warning, Your Honor, and may it please the Court, my name is Benjamin Gruenstein and I represent Conald Brogdon on this appeal. The District Court sentenced Mr. Brogdon to 210 months after he was sentenced to 10 years by the State Court for two offenses, both of which are relevant conduct to his Federal conviction. Because the BOP will not give him credit for the 35 months that he served after receiving his State sentence, but before receiving his Federal sentence, he will serve a total of 245 months in prison. Robert Gershengorn But his Federal sentence, you agree, is 210 months? Benjamin Gruenstein Absolutely, Your Honor. Robert Gershengorn So what is the problem? Benjamin Gruenstein The problem is that the guidelines requires that in a situation like this, under 5G.1.3, that the District Court shall adjust the sentence, the Federal sentence, to account for the State time that won't be credited. In this case, the judge initially, it wasn't clear that the judge recognized that it had, that he had the authority to provide that. Then on the other hand, there was a reason for providing that sentence. And while the court did not recognize it as a below, I'm sorry, as an above-guideline sentence, it is an above-guideline sentence. And the court had an obligation to provide an explanation of why he was giving what is effectively, and in reality, an above-guidelines sentence. And as we've argued in our papers, the… Robert Gershengorn It means that the guidelines, when you look at the guidelines, the offense level, the criminal history, you get a range. Here, once the range was set, the guideline says you need one additional step, which is to apply 5G.1.3. Benjamin Gruenstein An adjustment. An adjustment. Robert Gershengorn An adjustment called for by the guidelines. So the, if you're going to apply the guidelines as written, there should have been an adjustment. Since there was no adjustment, this is an above-guideline sentence. And presumably that's why this court remanded, so that there could be a reason as to why there was an above-guideline sentence. And we're back because, in our view, the reason that the judge gave for applying this sentence was inadequate, rendering the sentence procedurally unreasonable. The district court essentially gave three reasons to explain its refusal to apply 5G.1.3. One was the gravity of Mr. Brockton's offense and his criminal history. Second was his, quote, continued disregard for the law. And third was an apparent concern that an adjustment would encourage, quote, his fellow gang members to seek similar reductions in sentence. Of these, I'll take the third first. That's clearly not an appropriate basis to sentence or to refuse to apply the guidelines sentence. And then the other two that remain are, first, the gravity and his criminal history, both of which are accounted for by the guidelines. The guidelines required the judge to take into account his offense and his criminal history. And there's nothing that the district court said to suggest that the guidelines did not adequately take into account his offense or his criminal history. But, Mr. Gorenstein, you understand that the guidelines have been for some years now advisory. And there isn't any doubt that Judge Kuntz was aware of the guidelines, took them into account. He maybe wasn't as specific as he might have been, but under the circumstances, what do you think, what do you think you would achieve from this appeal? That is, what, in your view, would accomplish your client's purposes? What we're looking for, Your Honor, is to go back and for a judge, whether it be this judge or another judge, to apply 5G 1.3. And what is the decreed result that you're seeking? I mean, do you want us to vacate it, to remand it, so that, just to pick up on what I think Judge Kabanis is asking about, just so that Judge Kuntz can clarify it, clarify what he was doing and why he did it? Well, Your Honor, when we were here originally, the result was that it was sent back to Judge Kuntz to clarify. He has clarified. He gave his reasons, and his reasons are inadequate. First, that the, that his offense and his criminal history required a higher sentence when those were already taken into account. Second, this issue about his disregard for the law. But that's merely, if I may interrupt, that's merely taking the guidelines into account, as you just said. Your Honor, he took the guidelines overall into account, but what he didn't take into account is why would he not apply 5G 1.3. He didn't give an explanation for why he wouldn't apply. That's like saying, you know, the defendant gets sentenced for a certain drug weight, and then the judge says, oh, and I'm not going to give him this other adjustment because of the drug weight. The guidelines already took into account the drug weight. So, you think that if this is remanded to Judge Kuntz for a statement of reasons, which I take is what you want this to do, there isn't any other remedy, right? Well, Your Honor, I think it would be resentencing, because it's already been remanded for a statement of reasons. He's given his reasons, and it's procedurally unreasonable. You want a vacature. You want us to vacate and send it back. I mean, there's a separate question about whether it should go to a different judge, but regardless, you think a vacature is required. Well, Your Honor, either a vacature or a partial vacature just to take into account the 5G 1.3. But we think it would be accomplished equally by – we're not challenging any other aspect of the sentence except for 5G 1.3. So your view is that 5G 1.3 did not give Judge Kuntz any discretion with respect to the adjustment? The guidelines itself does not provide – well, the guidelines, as Judge Cabran has recognized, of course, provides discretion in the sense that it's only advisory, but – But you stressed the word shall at the beginning of the argument. Absolutely. So the question is, first, under the guidelines, he shall do it, unless he can provide a statement of reasons that's adequate. And in this case, the statement of reasons that he – well, first of all, he didn't even recognize that this is an above-guidelines sentence. It is not in a – the range is not above the guidelines, but the sentence is. Therefore, a reason was required. The reason that he gave was improper. And then we've also argued that it goes above the statutory maximum using the logic in Rivers. So that's both the argument that he didn't – it's procedurally unreasonable. But your stronger argument, you think, is really that it's an above-guidelines sentence. I'm not suggesting that you're abandoning your Rivers-based argument. Well, Your Honor, to be frank, I'm not sure it's our stronger argument. I think it's our better argument in the sense that it can result in a sentence that's 35 months less, as opposed to just a sentence that's 5 months less. But I don't – I don't know how this Court can avoid the logic in Rivers, given that a – when looking at a mandatory minimum, you take into account the State sentence. I'm not sure how looking at a statutory maximum you don't. So I think just as a pure matter of law, I think the Rivers argument is a strong argument. And you're arguing, if I understand it correctly, that there's some kind of presumption enjoyed by the guidelines that a district judge to deviate from the guidelines has to – bears the burden of explanation. Yes, Your Honor. I think that is the law, that if a judge goes above the guidelines, the judge has to give a reason. And the reason has to be adequate. And in this situation, it's our argument that the – A, the reason was inadequate, and B, he relied on disputed facts that he didn't give the parties an opportunity to resolve. All right. Thank you very much, Mr. Gorsuch. You've reserved two minutes, and you've gotten an extra three-plus. May it please the Court, my name is Alon Lifshitz, and I represent the government in this case. The district court's judgment should now be affirmed. First of all, the district court did not commit procedural error because it has adequately explained its decision not to adjust Brogdon's federal sentence based on time served in a State case. The district court was not required to adjust the sentence. It was only required to explain its decision. It has now explained that it relied on Brogdon's leadership of two very violent gangs, his participation in racketeering conspiracy, attempted murder, and drug trafficking conspiracy, and his prior criminal history. When you say that the district court was not required under 5G1.3, Mr. Brunstein points to the fact that although, of course, the guidelines themselves are advisory, the section, the language in 5G1.3, uses the term shall adjust. Correct, Your Honor. The guidelines are advisory, including 5G1.3. I believe this Court has held that in multiple cases. Coppola and Dohita, which we both cite, hold that 5G1.3 specifically is advisory, not binding. So I hope that answers the Court's question. But is your view, though, that if, let's say that 5G1.3, in imposing this sentence, the district court has not referenced it in any way, and came up with the same range, and imposed sentence, that would be okay? It doesn't have to be, I mean, I guess it seems like you're saying it doesn't have to be applied at all. It's not that it has to be applied and then you can deviate from that. Is your view it just, it does not have to be considered at all? Correct. It does not have to be considered. Neither does the other part of 5G1.3B, the part that the parties agreed in the plea agreement should apply. That's why they put it in the plea agreement. Bragg didn't bargain for it because he knew it wasn't automatically applicable. But why doesn't have, what's the reasoning for why it doesn't have to be considered at all? If the issue is presented by the parties, it certainly has to be considered. I would not say the Court can ignore it. In this case, the Court considered it originally, but in this Court's judgment did not explain himself adequately. And now he has considered and explained himself as completely as one can imagine. So I'm not arguing that it does not have to be considered. Well, you heard Mr. Gruenstein's argument. How do you respond to his view of the inadequacy of the explanation? Your Honor, first of all, we do submit it to NOM. It is a guideline sentence and the explanation is more than adequate. It referred to most of the facts. Section 3553 requires the judge to consider this defendant was a leader of two violent gangs. He participated in a shooting in which he handed the gun to an underling. The gun was fired and hit the victim. And it's almost a footnote, but he participated in a massive interstate drug trafficking conspiracy. The judge took all those things into account in imposing the sentence originally and in declining to adjust. And now on remand, he explicitly explained that those factors, which are undisputed, also supported his decision not to adjust the sentence, although he did run the sentence concurrently, which is a tremendous sign of consideration and leniency in this case. Well, is it leniency when, again, the guideline says that he is supposed to consider that, consider the undischarged stay time or making these sentences concurrent? So that's part of what the Court was supposed to, under the guidelines, consider, making these concurrent, correct? So that wasn't something the Court went out of its way to do in making them concurrent, was it? It's something the Court was required to consider doing. I don't think it was required to do it. I agreed in the plea agreement it should do it in this case, so I'm not saying the Court made a mistake. But I do believe the Court had discretion, even as to whether the sentence should be concurrent or consecutive in the first place. And this is a case with rather extreme facts. One can imagine a district court justifying a decision to run the sentence completely consecutively with no adjustment. That's not what happened here. I think that would be permitted if the decision was adequately explained. And, yeah, I'm sorry, just to briefly ask you about another point. With regard to the Rivers case, which suggests that in deciding whether or not a sentence is at the, you know, statutory or minimum or maximum, why isn't the Court justifying the sentence? I mean, in that case, it suggests that you look at the total period of incarceration that the individual is serving to determine whether or not it meets a statutory minimum. So why shouldn't the reasoning of Rivers apply here, that we look at the reality of the total amount of time the person will be serving in figuring out whether or not it goes above or below a minimum or a maximum? Thank you, Your Honor. I have two answers to that question. First of all, Rivers afforded district judges discretion to sentence below the bottom, below a statutory minimum based on an adjustment for time served in a state case. It didn't require that, but it permitted that. The most it can be said to do here is perhaps to permit a judge to do the same thing on the other end, but it would be a poor, I don't think it follows from Rivers that a judge should be required in a case like this to adjust the sentence because not adjusting it would cause the aggregate federal and state time to be above the statutory maximum. The other important point about Rivers is that it was decided before Booker. So I think this Court in Rivers was considering two competing mandates. One mandate is to sentence at or above a statutory minimum. The other mandate at that time was to reduce the sentence based on time served in a state case. It couldn't honor both of those, and so it decided to resolve it by giving a judge discretion to reduce below the statutory minimum. Here there are no competing mandates. The statutory maximum is clear, and 5G1.3B, both 1 and 2, are discretionary. May I turn your attention to this issue of a disputed fact related to the jailhouse call? Because I'm puzzled as to why, other than the argument related to harmlessness, I think the government wouldn't concede that there was some error on the part of a district court judge here. It seems, but correct me if I'm wrong on any point, counsel, that of course the possibility of an obstruction of justice enhancement was always in the air, but that counsel for the defense, for the defendant, disputed the facts that might have been grounds for an enhancement in that There was no hearing about the dispute. It appears that for the first time both the government and the defendant understood that Judge Kuntz was going to rely on what he described as a disregard for the law after he was incarcerated. Why isn't that not something that was error? Because it relied on a disputed fact without resolving the disputed fact. And why isn't that also a basis for remand? Because ultimately what that statement in the judge's opinion on remand served to do was to support his conclusion that the defendant was dangerous and lacked respect for the law, which was amply supported by the 90 percent of the facts that are undisputed. I guess I'm focused on the 10 percent. Your Honor, the record would be cleaner without that 10 percent. I do think in context it's harmless error. How do we know? How do I know? So yes, you have nine facts to which the district court judge refers in connection with sentencing and one fact that is possible reversible error or some form of error. How do we know? How can we have confidence that that one fact didn't drive some component of the sentence, even a month, more? And why shouldn't we send that back to have more confidence? Well, first of all, Your Honor, it was not a fact that was used to support an enhancement or a fact that affected the guidelines. But how do we know? How do we know that it didn't affect the final sentence? Your Honor, I think the best we can do is rely on the record in its entirety. First of all, in the case originally where we submitted that the court did consider this particular guidelines provision, there was no citation to that fact. On remand, again, Your Honor, I'll repeat, the record would be cleaner without that fact. However, that fact is dwarfed by the fact of leading multiple facts, leading two violent gangs, participating in a shooting that was as close to murder as could be, and a massive interstate narcotics conspiracy. I understand that, but when a judge refers to continued disregard for the law, that might make a difference. Would you agree? That conclusion certainly made a difference. However, the conclusion I think was based on the totality of what the court referred to in that portion of its opinion, which was overwhelmingly undisputed, Your Honor. That's my best answer. Again, the record would be cleaner without that. I don't think a call to the defendant's girlfriend put it over the edge in terms of finding— If I were to disagree with you, just that's a hypothetical. If I were to disagree with you about that, would the answer be to vacate or would it be just to send it back for some elucidation by Judge Kuntz that it wouldn't have mattered? In other words, to confirm your argument that it was in fact harmless. I think that this court would be well entitled to ask the district court if it would have reached the same conclusion if that language was struck. Let me just piggyback on something that Judge Lee asked relating to rivers because it is a little bit of a puzzle, but I think I understand your question or your response. Is there any analogous case law outside of our circuit on this point? And maybe I'll ask Mr. Kuenstein the same question in rebuttal. Your Honor, I'm not aware of any. I always hesitate to say something does not exist nationwide, but I think rivers is probably their best case and I believe it's eminently distinguishable. In part because it arose in a mandatory guidelines regime. Yes, I think that's important. Thank you. Okay, thank you. Is there anything you'd like to say by way of rounding up? No, unless there are further questions. Thank you. Thank you. Mr. Kuenstein. Thank you, Your Honor. If I could just say briefly on the rivers point, to the extent there are other circuits that reach the same results, I believe there are, and we would have cited them in our reply if there are. To Mr. Lifshitz's point about the guidelines being mandatory, while the guidelines were mandatory, they were never at the same level as a statute. They never would have, there never would have been a tension between the guidelines and the statute. The statute always would have prevailed over the guidelines. And then finally, I just want to make the point, Mr. Lifshitz, when he came up, he said that what the judge relied on was the defendant's leadership, his participation in a RICO conspiracy, and his criminal history. He received leadership points. He received a very high offense level, and his criminal history was also taken into account. Just like his co-defendants, who received, he had two out of many co-defendants, two received like him a 210-month sentence. The question is here, is what is the reason that Mr. Brogdon received an additional 35 months, recognizing, of course, that the judge didn't impose that, but by not applying 5G 1.3, he effectively did give him a 240-month sentence. So in order to agree with your argument, do we have to, how do we get around the government's argument? In other words, do we have to characterize 5G 1.3 as in some way mandatory, just because it uses the word shall, notwithstanding the fact that overall, of course, the guidelines are discretionary? No, Your Honor. What do we have to do? How do I get from point A to point B, Mr. Greenstein? Sure. I would say that first, the district court has to apply the correct range and has to give an explanation for deviating from that range. And then next, the court has to provide an explanation for not providing all applicable adjustments. There's no reason to distinguish all of the factors that go into the range from the subsequent 5G 1.3 adjustment. The reason we rely very heavily on the shall is because it shows that the guidelines, just the way the guidelines says that the offense level is mandatory, the criminal history category is mandatory, all of the leadership points are mandatory. It applies the same standard to 5G 1.3. It's all part of the same analysis, and that's why the word shall is important. But you're, again, focusing us on the inadequacy of the explanation for not adjusting. It's the inadequacy of the explanation, and it's relying on a factor that, as Your Honor pointed out, that goes to the continued disregard for the law, which is really a factor that was disputed and for which there was no hearing. Although this is, it seems to me, a somewhat separate point or issue from the 5G 1.3 issue. That's a Rule 32 issue, right? Disputed facts. It is. This is the guidelines. Right. Exactly, Your Honor. It's a Rule 32 issue, but once that comes out of play, once you take away continued disregard for the law, all you have left in the judge's explanation is his offense and his criminal history, which are already taken into account by the guidelines. The only thing that's not kind of a factor that's already taken into account is continued disregard for the law. That's why that part is so important. Right. Thank you, Your Honor. Thank you, Mr. Groenstein. We'll reserve the decision.